**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

LUV N' CARE, LTD.,

Plaintiff,

v.

JACKEL INTERNATIONAL LIMITED;
MAYBORN USA, INC.; JACKEL CHINA,
LTD.;  MAYBORN ANZ PTY. LTD.;
PRODUCT MARKETING MAYBORN LTD.;
and MAYBORN GROUP LTD.,

Defendants.

CIVIL ACTION FILE NO. _____

[On Removal from 4th Judicial District Court,
Parish of Ouachita, State of Louisiana, Case
No. 15-3127]

**NOTICE OF REMOVAL BY ALL DEFENDANTS**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1441, and 1454, Defendants Jackel
International Limited; Mayborn USA, Inc.; Jackel China,  Ltd.; Mayborn ANZ Pty. Ltd.; Product
Marketing Mayborn, Ltd.; and Mayborn Group Limited (hereinafter "Defendants"), hereby
remove this action from the Fourth Judicial District Court, Parish of Ouachita, State of
Louisiana, to the United States District Court for the Western District of Louisiana, Monroe
Division. In support of this Notice of Removal, the Defendants respectfully show the Court as
follows:

1.

Plaintiff Luv N' Care, Ltd. ("Plaintiff") filed this lawsuit on October 14, 2015 in the
Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, said action being
designated as Case No. 15-3127 (the "State Court Action"). Defendants received a copy of the

Petition on October 16, 2015.

2.

This Notice of Removal ("Notice") is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within thirty days after receipt by the Defendants of the initial pleading setting forth Plaintiff's claims for relief.

3.

Pursuant to 28 U.S.C. § 1446(b), copies of all process and pleadings received by Defendants in the State Court Action to date are attached to this Notice as Exhibit 1.

4.

Defendants remove this action based on both diversity jurisdiction and federal question jurisdiction.

5.

Pursuant to 28 U.S.C. § 1446(b)(2)(A), each Defendant joins in and consents to the removal of the State Court Action.

**I.     DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332.**

6.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000 (exclusive of interest and costs). This action, therefore, may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

7.

Plaintiff is now, and was at the time of the commencement of the State Court Action, a citizen of the state of Louisiana. Plaintiff is a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business in the State of Louisiana. (Petition

at page 1).

8.

Defendant Jackel International Limited is now, and was at the time Plaintiff filed the State Court Action, a corporation organized and existing under the laws of the United Kingdom. (Petition at ¶ 1). Defendant Jackel International Limited's principal place of business is located in the United Kingdom. (Petition at ¶ 1; *see also* Declaration of Mark Hall ("Hall Decl."), attached hereto as Exhibit 2 at ¶ 3). Thus, Defendant Jackel International Limited is a citizen of the United Kingdom for purposes of determining diversity of citizenship.

9.

Defendant Mayborn Group Limited is now, and was at the time Plaintiff filed the State Court Action, a corporation organized and existing under the laws of the United Kingdom. Defendant Mayborn Group Limited's principal place of business is located in the United Kingdom. (Petition at ¶ 1; *see also* Hall Decl. at ¶ 4). Thus, Defendant Mayborn Group Limited is a citizen of the United Kingdom for purposes of determining diversity of citizenship.

10.

Defendant Product Marketing Mayborn, Ltd. is now, and was at the time Plaintiff filed the State Court Action, a corporation organized and existing under the laws of Hong Kong. Defendant Product Marketing Mayborn, Ltd.'s principal place of business is located in Hong Kong. (Petition at ¶ 1; *see also* Hall Decl. at ¶ 5). Thus, Defendant Product Marketing Mayborn, Ltd. is a citizen of Hong Kong for purposes of determining diversity of citizenship.

11.

Defendant Jackel China Ltd. is now, and was at the time Plaintiff filed the State Court Action, a corporation organized and existing under the laws of Hong Kong. Defendant Jackel China Ltd.'s principal place of business is in Hong Kong. (Petition at ¶ 1; *see also* Hall Decl. at ¶

6). Thus, Defendant Jackel China Ltd. is a citizen of Hong Kong for purposes of determining diversity of citizenship.

12.

Defendant Mayborn USA, Inc. is now, and was at the time Plaintiff filed the State Court Action, a corporation organized and existing under the laws of the State of New York. (Petition at ¶ 4). Defendant Mayborn USA, Inc.'s principal place of business is in Massachusetts. (Petition at ¶ 1; *see also* Hall Decl. at ¶ 7). Thus, Defendant Mayborn USA, Inc. is a citizen of the State of New York and Massachusetts for purposes of determining diversity of citizenship.

13.

Defendant Mayborn ANZ Pty. Ltd. is now, and was at the time Plaintiff filed the State Court Action, a corporation organized and existing under the laws of Australia. Defendant Mayborn ANZ Pty. Ltd.'s principal place of business is located in Australia. (Petition at ¶ 1; *see also* Hall Decl. at ¶ 8). Thus, Defendant Mayborn ANZ Pty. Ltd. is a citizen of Australia for purposes of determining diversity of citizenship.

14.

There exists complete diversity of citizenship in this action under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of the State of Louisiana and Defendants are citizens of the States of New York and Massachusetts and the Nations of the United Kingdom, Hong Kong and Australia.

## II.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

15.

The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Plaintiff's Petition does not set forth an amount in controversy because Louisiana rules prohibit parties from petitioning for a specific monetary amount. *See* La. Code Civ. Proc. art. 893(A)(1). The

4

amount in controversy requirement, however, is satisfied because it is apparent from the face of the Petition that the amount in controversy exceeds $75,000. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("[The minimum amount in controversy] requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."). Moreover, the attachments to Plaintiff's Petition and other evidence submitted herewith clearly demonstrate that the amount in controversy requirement is satisfied. *Id.* at 724.

16.

In the State Court Action, Plaintiff seeks damages and a permanent injunction based on Defendants' alleged copying of Plaintiff's product designs and configurations. (Petition at ¶¶ 8-19, Prayer for Relief). Plaintiff also seeks damages and a permanent injunction based on Defendants' use of the purported trademark "COMFORT." (Petition at ¶¶ 20-26, Prayer for Relief). Plaintiff alleges that Defendants violated a 2008 distribution agreement, which Plaintiff alleges prohibited Defendant Jackel International Ltd. from copying Plaintiff's proprietary product designs and using Plaintiff's trademarks, trade names and brand names. (Petition at ¶¶ 8-26). Plaintiff further alleges that Defendants violated Louisiana's Unfair Trade Practices and Consumer Protection Law ("LUTPA"). (Petition at ¶ 27). Plaintiff is seeking damages, an injunction, attorneys' fees, and other general and equitable relief. (Petition, Prayer for Relief).

17.

Plaintiff is seeking damages that exceed $75,000. (Petition at ¶ 8-26). In support of its claim, Plaintiff cites language from Paragraph 15(B) of the parties' 2008 distribution agreement, concerning the use of LNC's proprietary designs or information without LNC's written permission. (Petition at ¶ 8; Ex. 3 to Petition at ¶ 15(B)).  Plaintiff also cites language from

5

Paragraph 15(A) of the parties' 2008 agreement, concerning use of LNC's trademarks, trade names and brand names. (Petition at ¶ 20; Ex. 3 to Petition at ¶ 15(A)).

18.

Paragraph 15 in the 2008 distribution agreement further provides that "in the event, the Distributor is found to have copied any Intellectual Property Rights, Product Designs and/or Packaging as defined in Paragraph 15 A & B above, then the Distributor will be liable to pay to LNC, at a minimum, a commission of twelve (12) percent on all sales of the infringing product(s) as well as any other remedies allowed by law for LNC to recover its losses and lost sales."  (Ex. 3 to Petition at ¶ 15(C)).

19.

The amount in controversy in this case would take into account both the products accused of violating Paragraph 15(B) and the products accused of violating Paragraph 15(A) of the 2008 distribution agreement. Applying a 12 percent royalty to Defendants' sales of accused products, as LNC alleged, would result in more than $75,000 in damages. (Hall Decl. at ¶ 9).

20.

Plaintiff is also seeking a permanent injunction in this case. (Petition at ¶ 34). The value of such injunctive relief would also exceed $75,000. (Hall Decl. at ¶ 10).

21.

Plaintiff further seeks recovery under the LUTPA, which allows an aggrieved party to recover "actual damages." La. Rev. Stat. Ann. § 1409(A). Plaintiff's actual damages would include its contractual remedies under the 2008 distribution agreement. As its contractual remedies exceed $75,000 (Hall Decl. at ¶ 9), Plaintiff's claims under LUTPA also satisfy the amount in controversy requirement.

22.

Finally, Plaintiff seeks an award of attorneys' fees *in addition to* other relief requested. (Petition at ¶ 33). Reasonable attorneys' fees are recoverable if a plaintiff successfully maintains a LUTPA claim. *See* La. Rev. Stat. Ann. § 1409(A). It is well-established that when a statute entitles a party to recover attorneys' fees, the attorneys' fees are included in determining the amount in controversy. *Springstead v. Crawfordsville State Bank,* 231 U.S. 541 (1913); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

23.

In 2010, Plaintiff previously sued Defendants in a separate action filed in the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana bearing the caption *Luv N' Care, Ltd. v. Jackel International Limited*, No. 10-1891 (the "First Louisiana Action"). That suit involved the 2008 distribution agreement that is at issue here (as well as a 2003 distribution agreement), albeit with a different set of accused products. (*See* 2010 Petition, attached as Exhibit 3). In the First Louisiana Action, exactly like here, Plaintiff alleged that Paragraph 15(B) in the 2008 distribution agreement was breached. (*See* 2010 Petition at ¶ 4). The court in the First Louisiana Action awarded Plaintiff $500,000 in attorneys' fees. (*See* Judgment in the First Louisiana Action, attached as Exhibit 4). Attorneys' fees in this case are similarly likely to be in excess of $75,000.

24.

Accordingly, the damages Plaintiff seeks exceed the jurisdictional minimum of $75,000 pursuant to 28 U.S.C. § 1332(a).

**III.   JURISDICTION ALSO EXISTS UNDER 28 U.S.C. § 1338 BECAUSE PLAINTIFF'S CLAIMS INVOLVE SUBSTANTIAL ISSUES OF FEDERAL LAW.**

25.

This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338 because this action arises under Acts of Congress relating to patents and/or copyrights.

26.

"A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a).

27.

A case can "arise under" the patent laws in two ways. First, a case can "arise under" patent law if it involves federal claims brought directly under the patent laws (e.g., a patent infringement claim). *See Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Second, a case can "arise under" patent law if it involves state law claims and the patent issues are: (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Id.* at 1065.

28.

State law claims are preempted by the Copyright Act when the claims (i) fall within the subject matter of copyright, and (ii) seek to protect rights equivalent to one or more of the exclusive rights protected by the Copyright Act, as set forth in 17 U.S.C. § 106. *See Globeranger Corporation v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012); *see also See McConley v. Boise Building Solutions Manuf., LLC*, No. 05-1006, 2006 WL 709599, at *4 (W.D. La. Mar. 21, 2006) ("Mr. McConley's breach of contract claim involving plans and drawings subject to copyright

protection cannot be resolved without applying the Copyright Act. Therefore, we find Plaintiff's claim for breach of contract is preempted by §301"); *Perro v. Wemco, Inc.*, Civ. A. No. 94-1863, 1994 WL 382590, at *3 (E.D. La. July 19, 1994) (finding state-law claims under LUTPA based on use and copying of another's tie design was not qualitatively different from a copyright claim and thus preempted under §301).

29.

While Plaintiff's Petition appears purposefully vague and ambiguous, Plaintiff appears to allege that Defendants acted wrongfully by selling products that supposedly use LNC's "products, product designs, drawings, prototypes, procedures and methods, any other features or functions of LNC products, and/or designs or information" (whatever they may be). (Petition at ¶¶ 12, 16-19).

30.

LNC's valve and cup products, including the design, features, and functions of those products, are the subject of various patents and the 2008 distribution agreement prohibits Defendants from using or copying LNC's patents.  (Petition, Ex. 3, ¶ 12).  Thus, to prevail on its claim that Defendants used design, features, and functions of LNC products in violation of the 2008 distribution agreement and LUPTA, Plaintiff must necessarily first demonstrate that Defendants' products infringe LNC's patents. *See U.S. Valves, Inc. v. Dray*, 212 F.3d 1368, 1372 (Fed. Cir. 2000) (holding that the case arises under federal patent law because, to demonstrate breach of the licensing agreement, "U.S. Valves must show that Dray sold valves that were covered by the licensed patents."). The contractual prohibition is therefore nothing more than an obligation not to infringe LNC's patents so that any resolution of LNC's breach of contract claims will necessarily raise substantive patent law issues. Plaintiff cannot by contract transform a patent infringement claim into a state law breach of contract or LUTPA claim just to avoid

federal jurisdiction.

31.

Moreover, the patent law issues present in this case are substantial because they implicate whether Defendants' products infringe any of LNC's patents. Resolution of Plaintiff's claims will likely result in either: (1) a determination that Defendants' products do not infringe any of LNC's relevant patents; or (2) the invalidation of LNC's patents. Allowing this case to proceed in state court would expose Defendants to the risk of inconsistent judgments between state and federal courts regarding Defendants' ability to sell their valve cups and straw cups. As the Federal Circuit recently held, the risk of being exposed to inconsistent judgments regarding patents, alone, may be sufficient to raise a federal question under patent law. *See Forrester Envtl. Servs., Inc. v. Wheelabrator Techs., Inc.*, 715 F.3d 1329, 1334 (Fed. Cir. 2013). Since the patent law issues are substantial, this case is "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 133 S. Ct. at 1068.

32.

Similarly, LNC's designs, drawings, and other related original works of authorship may be the subject of various copyrights.  (Petition, Ex. 3, ¶ 12).  Thus, to the extent that LNC's claims seek to protect rights equivalent to one or more of the exclusive rights protected by the Copyright Act, the Copyright Act must be applied as there is no analogous state or common law right or claim. *See McConley*, 2006 WL 709599 at *4 (finding preemption when breach of contract claims involving plans and drawings subject to copyright protection cannot be resolved without applying the Copyright Act). The contractual prohibition is therefore nothing more than an obligation not to infringe LNC's copyrights so that any resolution of LNC's breach of contract claims will necessarily raise substantive copyright issues. Plaintiff cannot by contract transform a copyright infringement claim into a state law breach of contract or LUTPA claim

10

just to avoid federal jurisdiction.  Preemption applies.

33.

Resolution of substantial patent law and copyright law issues are necessarily raised by Plaintiff's Petition. This case is therefore removable under 28 U.S.C. § 1338(a) and 28 U.S.C. § 1454(a) as it arises under federal law.

## IV.    REMOVAL TO THIS COURT IS PROPER

34.

The United States District Court for the Western District of Louisiana is the federal district court embracing the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, where the underlying suit was original filed. 28 U.S.C. § 90(a). Accordingly, removal is proper to this Court pursuant to 28 U.S.C. § 1441(a), although in light of the intellectual property nature of this case and the 2008 Agreement it must subsequently be transferred to the Eastern District of Texas, Marshall Division.[1]

35.

This Court, therefore has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1454.

36.

Defendants filed this Notice with this Court, are serving a copy of this Notice on Plaintiff, and are filing a copy of this Notice in the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, pursuant to 28 U.S.C. § 1446(d).

---

[1] This Court denied Plaintiff's motion to remand in another Louisiana action between the parties based on the choice of venue provision in the 2003 distribution agreement, and also stated in its Order that "even if the 2008 contract were the only one at issue, remand would still be denied because, given the intellectual property issues raised by plaintiff's petition, the proper venue would be the [sic] Eastern District of Texas, Marshal [sic] Division." (Order Denying Remand, *Luv N' Care, Ltd. v. Jackel International Limited, et al.*, No. 13-1437, attached as Exhibit 5, p. 5 FN 6 (emphasis added)). Such is the exact situation here.

11

WHEREFORE, for the reasons set forth above, Defendants respectfully request that this Court assume full jurisdiction over this action as provided by law.

Dated: November 13, 2015                    Respectfully submitted,


By: */s/ Thomas M. Hayes, III*
    Thomas M. Hayes, III (LA Bar #06685)
    HAYES, HARKEY, SMITH & CASCIO,
    L.L.P
    2811 Kilpatrick Boulevard
    Monroe, Louisiana 71211-8032
    Telephone: (318)387-2422
    Facsimile: (318) 388-5809
    Email: Tom@hhsclaw.com


*Counsel for Defendants JACKEL INTERNATIONAL LIMITED;  MAYBORN USA, INC.; JACKEL CHINA, LTD.; MAYBORN ANZ PTY. LTD.; PRODUCT MARKETING MAYBORN LTD.; and MAYBORN GROUP LTD .*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document is being served on the following counsel of record via electronic mail this 13th day of

November, 2015.

> Joe D. Guerriero
> 3030 Aurora Ave., 2nd Floor
> Monroe, Louisiana 71201
> Telephone: (318) 338-3603
> Facsimile: (318) 388-5892
> joed@nuby.com

*/s/ Thomas M. Hayes, III*
Thomas M. Hayes, III
*Counsel for Defendants*
